UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NORAIDA MELENDEZ,**

      **Plaintiff,**

v.                                                                                    Case No:    6:15-cv-47-Orl-22GJK

**SECRETARY, DEPARTMENT OF
HOMELAND SECURITY, ACTING
DIRECTOR, CITIZENSHIP AND
IMMIGRATION SERVICES,
DISTRICT DIRECTOR, CITIZENSHIP
AND IMMIGRATION SERVICES,
TAMPA, FLORIDA and FIELD OFFICE
DIRECTOR, CITIZENSHIP AND
IMMIGRATION SERVICES,**

      **Defendants.**

---

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. No. 46)**
>
> **FILED:**       **January 4, 2016**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On January 13, 2015, Plaintiff instituted this action against Defendants Jeh Johnson, in his official capacity as Secretary of Homeland Security, Leon Rodriguez, in his official capacity as Acting Director of U.S. Citizenship and Immigration Services ("USCIS"), Ruth Dorochoff, in her official capacity as District Director for District 10 of USCIS, and Warren Janssen, in his official capacity as the Field Office Director of the Orlando, Florida, office of USCIS (collectively, the

"Defendants"), alleging USCIS's denial of Plaintiff's Application to Register Permanent Residence or Adjust Status (the "I-485 Application"), violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq*.  Doc. No. 1.  On January 4, 2016, Defendants filed a Motion for Summary Judgment (the "Motion").  Doc. No. 46.  The Motion is unopposed.  For the reasons that follow, it is **RECOMMENDED** that the Motion be **GRANTED**.

## I.     BACKGROUND.

The administrative record contains the following relevant, uncontested facts.  In August of 1999, Plaintiff, a native and citizen of Honduras, was admitted into the United States on a J-1 nonimmigrant exchange visitor visa (the "J-1 nonimmigrant visa"), under the Immigration and Nationality Act ("INA") § 101(a)(15)(J), 8 U.S.C. § 1101(a)(15)(J).  Doc. Nos. 41 at 4, 12; 41-4 at 42.  Plaintiff was authorized to stay in the United States until August of 2001, and was subject to the foreign residence requirement under INA § 212(e), 8 U.S.C. § 1182(e) ("§ 212(e)"), which generally requires individuals admitted under an exchange visitor visa to return to their country of citizenship for two years after completing the exchange program before they become eligible for any adjustment of status.  Doc. No. 41-4 at 42; 8 U.S.C. § 1182(e).  Plaintiff has not departed the United States since her arrival in August of 1999.  Doc. No. 41 at 4, 12.

On December 5, 2013, Plaintiff filed her I-485 Application seeking to adjust her status to that of a lawful permanent resident under INA § 245, 8 U.S.C. § 1255.  *Id*. at 12-17.  On June 11, 2014, a USCIS officer interviewed Plaintiff in connection with her I-485 Application.  Doc. No. 41-4 at 38-39.  The USCIS officer asked Plaintiff whether she was a J-1 nonimmigrant exchange visitor subject to the two-year foreign residence requirement, and, if so, whether she ever complied with that requirement or obtained a waiver of that requirement.  *Id*. at 39, 46.  In response, Plaintiff stated no, but was unsure.  *Id*.

On June 12, 2014, the USCIS officer obtained a United States Department of State ("USDOS") nonimmigrant visa record for Plaintiff. *Id*. at 42. The record revealed that in August of 1999, the USDOS issued Plaintiff a J-1 nonimmigrant visa subject to § 212(e) and authorized her to remain in the United States until August of 2001. *Id*.

On June 26, 2014, USCIS sent Plaintiff a notice (the "Notice") requesting she return for a second interview, because records revealed she "previously held a J-1 visa . . . subject to [§] 212(e) of the Immigration and Nationality Act." *Id*. at 44. Further, the Notice requested Plaintiff provide proof that she was in compliance with § 212(e), and, if she qualified for a waiver of the requirements of § 212(e), that she provide proof that she received a waiver. *Id*.

On July 16, 2014, Plaintiff appeared for the second interview, and provided USCIS with a signed sworn statement (the "Statement"). Doc. No. 41 at 4-6. In it, Plaintiff stated she is a native of Honduras and entered the United States in August of 1999 under a public health exchange program called "Becas Cass," which provided her with an opportunity to come to the United States and "learn certain skills and apply [those skills] back home." *Id*. at 4-5. Plaintiff stated she obtained a visa and passport through the exchange program, but could not recall what type of visa she received. *Id*. Plaintiff stated she saw the visa and passport on three (3) occasions between 1999 and 2000, but had not seen it since that time because it was kept by the exchange program. *Id*. at 5. Plaintiff was asked whether she was aware she had to return to Honduras to teach the skills she acquired through the exchange program. *Id*. In response, Plaintiff stated that "no one focus[ed] on that we had to come back . . . I was more concerned with going." *Id*.

On September 2, 2014, USCIS issued a decision denying Plaintiff's I-485 Application. Doc. No. 41 at 2-3. USCIS explained that its records indicate Plaintiff was admitted into the United States on a J-1 nonimmigrant visa subject to the two-year foreign residence requirement of

§ 212(e), but she did not return to Honduras for an aggregate of at least two years following departure from the United States. *Id*. at 3. USCIS concluded Plaintiff is not eligible to adjust status to that of a lawful permanent resident, because she failed to comply with the two-year foreign residence requirement of § 212(e), and failed to provide any evidence she obtained a waiver of that requirement. *Id*.

On January 13, 2015, Plaintiff filed a complaint (the "Complaint") against Defendants. Doc. No. 1. Plaintiff alleges that during the pendency of her I-485 Application she did not possess any evidence demonstrating she was subject to the foreign residence requirement of § 212(e), and thus could not determine whether she needed a waiver of that requirement. *Id*. at ¶ 16. Plaintiff alleges she asked USCIS several times for evidence relevant to the application of the foreign residence requirement so she could determine whether she needed a waiver of that requirement. *Id*. at ¶¶ 18, 20-22. Plaintiff alleges USCIS refused to disclose any evidence concerning the application of the foreign residence requirement, thus prohibiting her from determining whether such needed to obtain a waiver. *Id*. at ¶¶ 19, 23. Plaintiff claims USCIS's refusal to disclose derogatory evidence and/or information used in adjudicating her I-485 Application violated 8 C.F.R. § 103.2(b)(16), which governs the disclosure of such information. *Id*. at ¶¶ 24-25. Plaintiff requests the Court: 1) declare the denial of her I-485 Application was arbitrary and capricious, an abuse of discretion, and contrary to law; 2) order Defendants to re-open and re-adjudicate her I-485 Application; and 3) award Plaintiff attorney's fees and costs. *Id*. at 7

## II.     THE MOTION.

On January 4, 2016, Defendants filed the Motion. Doc. Nos. 46; 46-1. Defendants maintain USCIS complied with the relevant provision(s) of 8 C.F.R. § 103.2(b)(16) by notifying Plaintiff that records revealed she previously held a J-1 nonimmigrant visa subject to the foreign

residency requirement of § 212(e), and provided her with an opportunity to rebut that evidence during the second interview. Doc. No. 46-1 at 2, 13. Accordingly, Defendants argue the adjudication of Plaintiff's I-485 Application was neither arbitrary and capricious, an abuse of discretion, nor contrary to law, and thus maintain they are entitled to summary judgment. *Id*. Plaintiff did not file a response in opposition to the Motion, and the time for doing so has passed. Therefore, the Motion is unopposed.

### III. STANDARD OF REVIEW.

#### A. Summary Judgment.

Ordinarily, review of a motion for summary judgment is governed by Rule 56, Federal Rules of Civil Procedure. Under that standard, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). However, in a case, such as this, involving review of a final agency action under the APA, the standard set forth in Rule 56(a) does not apply because of the court's limited role in reviewing the administrative record. *Brinklys v. Johnson*, __ F. Supp. 3d __, 2016 WL 1244539, at *8 (M.D. Fla. Mar. 30, 2016) (citing *CS-360, LLC v. U.S. Dep't of Veterans Affairs*, 101 F. Supp. 3d 29, 32 (D.D.C. 2015)); *see Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001) ("[W]hen a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal. The 'entire case' on review is a question of law." (footnote omitted)).

Under the APA, it is the agency's role to resolve factual issues to arrive at a decision that is supported by the administrative record, whereas "the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *See Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769-70 (9th Cir.

Case 6:15-cv-00047-ACC-GJK   Document 47   Filed 06/22/16   Page 6 of 13 PageID 1082

1985); *see also N.W. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1472 (9th Cir. 1994) ("[T]his case involves review of a final agency determination under the [APA]; therefore, resolution of th[e] matter does not require fact finding on behalf of this court. Rather, the court's review is limited to the administrative record[.]" (internal citation omitted)). Thus, summary judgment serves as the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review. *S.E. Conference v. Vilsack*, 684 F. Supp. 2d 135, 142 (D.D.C. 2010).

### B. The Administrative Procedure Act.

The APA "sets forth the full extent of judicial authority to review executive agency action for procedural correctness." *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 513 (2009). Under the APA, agency actions, findings, and conclusions can be set aside if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2)(A). "[T]his standard is exceedingly deferential[.]" *Fund for Animals, Inc. v. Rice*, 85 F.3d 535, 541 (11th Cir. 1996). An agency action may be found arbitrary and capricious "where the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Defenders of Wildlife v. U.S. Dep't of the Navy*, 733 F.3d 1106, 1115 (11th Cir. 2013) (citation omitted). This standard of review provides a court with the least latitude in finding grounds for reversal, and allows setting aside administrative decisions only "for substantial procedural or substantive reasons as mandated by statute, not simply because the court is unhappy with the result reached." *Citizens for Smart Growth v. Sec'y of the Dep't of Transp.*, 669 F.3d 1203, 1210 (11th Cir. 2012) (quoting *Fund for*

*Animals*, 85 F.3d at 541-42). Thus, the reviewing court does not "conduct its own investigation and substitute its own judgment for the administrative agency's decision." *Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs.*, 87 F.3d 1242, 1246 (11th Cir. 1996). Instead, the court is "to decide, on the basis of the record the agency provides, whether the action passes muster under the appropriate APA standard of review." *Id*. (quotation omitted).

**IV.   ANALYSIS.**

Plaintiff challenges USCIS's denial of her I-485 Application. *See generally* Doc. No. 1. Specifically, Plaintiff claims USCIS failed to comply with 8 C.F.R. § 103.2(b)(16) by failing to disclose the "derogatory information" upon which it relied to deny her I-485 Application. *Id*. at ¶¶ 24-25. For the reasons that follow, the undersigned finds USCIS did not violate 8 C.F.R. § 103.2(b)(16), and thus its denial of Plaintiff's I-485 Application was neither arbitrary and capricious, an abuse of discretion, nor was it contrary to law.

In August of 1999, Plaintiff was admitted into the United States on a J-1 nonimmigrant visa. Doc. Nos. 41-4 at 4, 12; 41-4 at 42. This type of visa is issued to an "an alien having a residence in a foreign country which he has no intention of abandoning" for the purpose of "teaching, instructing or lecturing, studying, observing, conducting research, consulting, demonstrating special skills, or receiving training[.]" 8 U.S.C. § 1101(a)(15)(J). Generally, no alien admitted under a J-1 nonimmigrant visa:

> shall be eligible to apply for an immigrant visa, or for permanent residence . . . until it is established that such person has resided and been physically present in the country of his nationality or his last residence for an aggregate of at least two years following departure from the United States . . . .

8 U.S.C. § 1182(e). However, only certain aliens admitted as J-1 nonimmigrant exchange visitors must return to and reside in their home country for two years at the completion of their program,

*i.e.*, the foreign residence requirement, before being eligible to apply for an immigrant visa or for permanent residence. *Id*. Those subject to this requirement are aliens:

> (i) whose participation in the program for which he came to the United States was financed in whole or in part, directly or indirectly, by an agency of the Government of the United States or by the government of the country of his nationality or his last residence, (ii) who at the time of admission or acquisition of status under section 1101(a)(15)(J) of this title was a national or resident of a country which the Director of the United States Information Agency, pursuant to regulations prescribed by him, had designated as clearly requiring the services of persons engaged in the field of specialized knowledge or skill in which the alien was engaged, or (iii) who came to the United States or acquired such status in order to receive graduate medical education or training[.]

*Id*. If an alien admitted under § 1101(a)(15)(J) falls within one of the above-listed categories, and is thus subject to the foreign residence requirement, he or she may obtain a waiver of that requirement:

> upon the favorable recommendation of the [Department of State], pursuant to the request of an interested United States Government agency . . . or of the [USCIS Director] after he has determined that departure from the United States would impose exceptional hardship upon the alien's spouse or child (if such spouse or child is a citizen of the United States or a lawfully resident alien), or that the alien cannot return to the country of his nationality or last residence because he would be subject to persecution on account of race, religion, or political opinion, the Attorney General may waive the requirement of such two-year foreign residence abroad in the case of any alien whose admission to the United States is found by the Attorney General to be in the public interest . . . . [T]he Attorney General may, upon the favorable recommendation of the Director, waive such two-year foreign residence requirement in any case in which the foreign country of the alien's nationality or last residence has furnished the [Department of State] a statement in writing that it has no objection to such waiver in the case of such alien.

*Id*. An alien admitted under § 1101(a)(15)(J) will not be eligible to adjust his or her status to that of a lawful permanent resident if he or she is subject to the foreign residence requirement of § 212(e) and neither satisfies that requirement nor obtains a waiver of that requirement. *Id*.; *see*

*also* 8 C.F.R. § 245.1(c)(2) (an alien "who has or had the status of an exchange visitor under section [1101(a)(15)(J)] and who is subject to the foreign residence requirement of section 212(e) of the Act" will be ineligible to adjust status to that of a lawful permanent resident "unless the alien has complied with the foreign residence requirement or has been granted a waiver of that requirement").

On December 5, 2013, Plaintiff filed her I-485 Application seeking to adjust her status to that of a lawful permanent resident. Doc. No. 41 at 12-17. On September 2, 2014, USCIS issued a decision denying Plaintiff's I-485 Application, explaining that she was ineligible to adjust status to that of a lawful permanent residence, because she was subject to and failed to comply with the foreign residence requirement of § 212(e), and failed to provide any evidence that she obtained a waiver of that requirement. *Id*. at 2-3.

Plaintiff claims USCIS violated the APA when adjudicating her I-485 Application, because it failed to comply with the disclosure requirement of 8 C.F.R. § 103.2(b)(16). Doc. No. 1 at ¶¶ 24-25. That regulation states, in relevant part:

> An applicant or petitioner shall be permitted to inspect the record of proceeding which constitutes the basis for the decision, except as provided in the following paragraphs.
>
> (i)  Derogatory information unknown to petitioner or applicant. If the decision will be adverse to the applicant or petitioner and is based on derogatory information considered by the Service and of which the applicant or petitioner is unaware, he/she shall be advised of this fact and offered an opportunity to rebut the information and present information in his/her own behalf before the decision is rendered, except as provided in paragraphs (b)(16)(ii), (iii), and (iv) of this section. Any explanation, rebuttal, or information presented by or in behalf of the applicant or petitioner shall be included in the record of proceeding.

8 C.F.R. § 103.2(b)(16)(i).[1] In light of the foregoing, Plaintiff claims USCIS was required to disclose the "derogatory information" supporting its conclusion that she was subject to the foreign residence requirement, and failed to obtain a waiver of that requirement. Doc. No. 1 at ¶¶ 23-25.

Plaintiff seemingly claims USCIS was required to produce documentary evidence of the information on which it relied in determining she is subject to the foreign residence requirement of § 212(e). *Id*. The plain language of 8 C.F.R. § 103.2(b)(16)(i) only requires USCIS to "advise" the applicant of the derogatory information unknown to him or her when such information forms the basis of the denial, and to provide the applicant with an opportunity to rebut the derogatory information. 8 C.F.R. § 103.2(b)(16)(i). Thus, the undersigned finds, as have other courts and the Board of Immigration Appeals ("BIA"), that a plain reading of the regulation does not support Plaintiff's argument that USCIS was required to produce documentary evidence of the derogatory information it relied on in denying her I-485 Application. *Id.*; *see, e.g.*, *Mangwiro v. Johnson*, 554 F. App'x 255, 261 (5th Cir. 2014) (concluding 8 C.F.R. § 103.2(b)(16)(i) "does not require USCIS to provide documentary evidence of the [derogatory] information, but only sufficient information to allow the petitioners to rebut the allegations"); *Diaz v. U.S. Citizenship & Immigration Servs.*, 499 F. App'x 853, 855-56 (11th Cir. 2012) (concluding 8 C.F.R. § 103.2(b)(16)(i) "only require[s] that a petitioner be advised of the derogatory information that will be used to deny the petition and be given the opportunity to respond"); *Hassan v. Chertoff*, 593 F.3d 785, 787 (9th Cir. 2010) (concluding 8 C.F.R. § 103.2(b)(16)(i) only requires the government

---

[1] The regulation also contains three (3) other exceptions. 8 C.F.R. § 103.2(b)(16)(ii-iv). In the Complaint, Plaintiff does not provide a pinpoint citation to those provisions of 8 C.F.R. § 103.2(b)(16), which she maintains are at issue. Doc. No. 1 at ¶¶ 24-25. Instead, Plaintiff simply alleges USCIS failed to comply with 8 C.F.R. § 103.2(b)(16), because it failed to disclose "derogatory information" used in adjudicating her I-485 Application. *Id*. Plaintiff has not clarified her argument in either a motion for summary judgment, or in a response to the Motion. Therefore, in light of the allegations of the Complaint, the undersigned finds Plaintiff's argument is limited to the application of 8 C.F.R. § 103.2(b)(16)(i), which is the only provision under that section addressing the disclosure of "derogatory information."

to make a petitioner "aware" of the derogatory information used against him or her); *In re: Liedtke*, 2009 WL 5548116, at *2 (BIA Dec. 31, 2009) ("We find at the outset that the federal regulations at 8 C.F.R. § 103.2(b)(16)(i) only require that a petitioner be advised of the derogatory evidence of record; the regulations do not place upon USCIS a requirement that the actual documents be provided to a petitioner in order to comply with due process"); *In re: Firmery*, 2006 WL 901430, at *2 (BIA Feb. 28, 2006) ("[O]ur reading of the regulations confirms that an alien must only be 'advised' of the derogatory information which will be 'disclosed' to her and that she then be given an opportunity to rebut the evidence once the DHS has indicated an intent to deny the application. 8 C.F.R. §§ 103.2(b)(16)(i) and (ii).").[2]

The administrative record reveals USCIS complied with 8 C.F.R. § 103.2(b)(16)(i). At the first interview, Plaintiff was asked whether she was a J-1 nonimmigrant exchange visitor subject to the foreign residence requirement of § 212(e), and, if so, whether she ever complied with that requirement or obtained a waiver of that requirement. Doc. No. 41-4 at 39, 46. In response, Plaintiff stated no, but was unsure. *Id.* Thereafter, USCIS obtained a nonimmigrant visa record from the USDOS, which revealed Plaintiff was admitted to the United States in August of 1999 on a J-1 nonimmigrant visa subject to § 212(e), and was authorized to remain in the United States until August of 2001. *Id.* at 42. USCIS sent Plaintiff the Notice informing her of the nature of the derogatory information, and requested she attend a second interview and provide proof that she was in compliance with § 212(e), and, if she qualified for a waiver of the requirements of § 212(e), that she provide proof that she received a waiver. *Id.* at 44. The

---

[2] "When an agency interprets its own regulation, the Court, as a general rule, defers to it unless that interpretation is plainly erroneous or inconsistent with the regulation." *Decker v. N.W. Envtl. Def. Ctr.*, 133 S.Ct. 1326, 1337 (2013) (internal quotation marks omitted). Plaintiff has not challenged the BIA's interpretation of 8 C.F.R. § 103.2(b)(16)(i) in *Liedtke* or *Firmery*. Therefore, the undersigned finds no basis to ignore the BIA's interpretation of 8 C.F.R. §. 103.2(b)(16)(i).

undersigned finds the Notice and second interview satisfied USCIS's obligation to advise Plaintiff about the derogatory information – *i.e.*, that she was subject to the foreign residence requirement of § 212(e) – and afford her an opportunity to provide evidence to rebut the derogatory information. *See*, *e.g.*, *Diaz*, 499 F. App'x at 856 ("The USCIS complied with [8 C.F.R. § 103.2(b)(16)(i)] by issuing Diaz's first wife the notice of intent to deny that indicated that her petition would be denied based on the discrepancies at the interview, and specifically gave her the opportunity to provide rebuttal evidence and to explain the discrepancies."). Indeed, Plaintiff appeared at the second interview and provided a sworn statement, in which she addressed questions related to her J-1 nonimmigrant visa. Doc. No. 41 at 4-6. Ultimately, USCIS denied Plaintiff's I-485 Application, explaining that she was ineligible to adjust status to that of a lawful permanent residence, because she was subject to and failed to comply with the foreign residence requirement of § 212(e), and failed to provide any evidence that she obtained a waiver that requirement. *Id*. at 2-3. On this record, the undersigned finds USCIS complied with 8 C.F.R. § 103.2(b)(16)(i), and, thus, its denial of Plaintiff's I-485 Application was neither arbitrary and capricious, an abuse of discretion, nor contrary to law.[3]

---

[3] Although the undersigned has determined Plaintiff's argument is limited to the application of 8 C.F.R. § 103.2(b)(16)(i), *see supra* p.10 n.1, the undersigned recognizes Plaintiff's response to Defendants' Motion to Dismiss does suggest Plaintiff also claims USCIS violated 8 C.F.R. § 103.2(b)(16)(ii). Doc. No. 23 at 7. That provision states:

> Determination of statutory eligibility. A determination of statutory eligibility shall be based only on information contained in the record of proceeding which is disclosed to the applicant or petitioner, except as provided in paragraph (b)(16)(iv) of this section.

8 C.F.R. § 103.2(b)(16)(ii). To the extent Plaintiff claims USCIS violated the foregoing provision, the undersigned finds Defendants are still entitled to summary judgment since courts in the Eleventh Circuit and elsewhere have persuasively concluded that 8 C.F.R. § 103.2(b)(16)(ii) does not require the government to disclose documentary evidence. *Brinklys*, 2016 WL 1244539, at *11-13 (citing *Ghaly v. INS*, 48 F.3d 1426, 1434-35 (7th Cir. 1995)); *see also In re: Firmery*, 2006 WL 901430, at *2.

V. **CONCLUSION**.

Accordingly, it is **RECOMMEDNED** that:

1. The Motion (Doc. No. 46) be **GRANTED**;

2. The Clerk be directed to enter judgment in Defendants favor, and against Plaintiff; and

3. The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 22, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy